UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHERRY A. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 3:07-CV-429 |
| | )        (VARLAN/GUYTON) |
| TMSi, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This civil action is before the Court for consideration of plaintiff's Motion to Remand [Doc. 9]. Plaintiff originally filed a complaint against defendant in the Circuit Court for Knox County, Tennessee. [*See* Doc. 1-2.] Defendant timely removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1332. Defendant argues that removal was appropriate under § 1331 because it arises under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as the resolution of plaintiff's claims will depend upon analysis of the terms of a collective bargaining agreement. [*See* Doc. 1.] Defendant argues that the case is also subject to federal jurisdiction pursuant to § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the Court's jurisdictional minimum. [*See id.*]

In the instant motion, plaintiff seeks remand of the case to the state court, arguing none of plaintiff's claims are subject to the terms of the collective bargaining agreement and the jurisdictional minimum amount in controversy is not satisfied, thereby depriving this

Court of original subject matter jurisdiction. [*See* Doc. 9.] Defendant has responded in opposition to the motion. [Doc. 13.] The Court has reviewed the pleadings, related filings, and the relevant law, and for the reasons discussed herein, plaintiff's motion will be denied.

**I.	Relevant Facts**

Plaintiff, Sherry Williams, is and was a warehouse employee of defendant, TSMi. Plaintiff and other warehouse workers are represented by Teamsters Local 519, a labor union, and plaintiff's employment is and was at all relevant times governed by a valid collective bargaining agreement. On October 19, 2006, Plaintiff was injured while working at defendant's distribution center located in Mascot, Tennessee. Plaintiff was taken to a doctor for treatment of her injury and, consistent with defendant's substance abuse policy included in the collective bargaining agreement, plaintiff was given a drug test. Plaintiff's drug test came back positive and, as a result, on or about November 3, 2006, plaintiff was terminated.

Plaintiff then filed a grievance with defendant challenging her termination pursuant to the procedure contained in the collective bargaining agreement. As part of the grievance procedure, defendant and plaintiff's union representatives discussed and analyzed plaintiff's failure of the drug test at a labor-management meeting. Plaintiff was reinstated to her position on or about March 23, 2007 because the medication that caused her positive drug test had been prescribed. As a result of plaintiff's situation, defendant revised its substance abuse policy, thereby modifying the collective bargaining agreement. The revised policy was provided to employees during "hands on" meetings.

Upon her March 2007 return to work, plaintiff learned that her name and personal medical information had been publically disseminated between the time of her termination and reinstatement at one or more labor-management meetings and to defendant's employees during "hands on" meetings. Plaintiff also states that she believes that one of defendant's agents made jokes about plaintiffs medical information and discussed it with others. Since the publication of her medical information, plaintiff has been questioned by other employees about her medical issues.

## II. Analysis

An action may be removed from state to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). A federal court has original subject matter jurisdiction over two types of actions. The first type involves those actions raising a federal question. *See* 28 U.S.C. § 1331. The second type involves those actions where there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees. *See* 28 U.S.C. § 1332. The party removing an action to federal court has the burden of showing that the federal jurisdictional requirements are satisfied. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). If the court determines that the removing party has met this burden, the court should not remand the case back to state court.

### A. Federal Question Jurisdiction

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant argues that this case is

3

subject to federal question jurisdiction because it arises under § 301 of the LMRA, 29 U.S.C. § 185, as the resolution of plaintiff's claims will depend upon analysis of the terms of a collective bargaining agreement. Section 301 of the LMRA provides that suits for violations of a collective bargaining agreement may be brought in federal court. 29 U.S.C. § 185(a). The Supreme Court has interpreted this section to require federal preemption of state law claims which are "inextricably intertwined with consideration of the terms of the labor contract." *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 382 (6th Cir. 1991) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)).

The Sixth Circuit has articulated a two-step process for determining whether a state law claim is inextricably intertwined with a collective bargaining agreement, and therefore, subject to federal jurisdiction. *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004) (citing *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994)). The first step is to determine if resolving the state law claim requires interpretation of the collective bargaining agreement. *Mattis*, 355 F.3d at 906. If so, the claim is inextricably intertwined. *Id.* The second step is to determine whether the plaintiff's rights are created by the collective bargaining agreement or by state law. *Id.* If the rights are created by the collective bargaining agreement, then the claim is inextricably intertwined. *Id.*

Plaintiffs claims are for invasion of privacy, negligence, and intentional infliction of emotional distress based upon defendant's alleged disclosure of plaintiff's personal information. Plaintiff states that these causes of action are not governed by the collective bargaining agreement and, therefore, should be remanded to state court. Defendant contends

4

that plaintiff's claims are inextricably intertwined with the collective bargaining agreement and subject to original federal jurisdiction.

### 1. Invasion of Privacy

Plaintiff states a claim for invasion of privacy based upon the alleged publication of her medical information during a labor-management meeting and "hands on" meetings. [Doc. 1-2.] Tennessee recognizes a common law cause of action for invasion of privacy based upon public disclosure of private facts. *See Beard v. Akzona, Inc.*, 517 F. Supp. 128, 131 (E.D. Tenn. 1981). As a threshold matter, for there to be liability for public disclosure of private facts, the information must actually be private. *See Parr v. Middle Tenn. State Univ.*, 1999 WL 1086451, at *3 (Tenn. Ct. App. Dec. 3, 1999) (citing *Beard*, 517 F. Supp. at 132). If the information is private, liability for public disclosure occurs "if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." Restatement (Second) of Torts § 652D (1965). Additionally, public disclosure does not include "[c]ommunication to a single individual or to a small group of people, absent a breach of contract, trust, or other confidential relationship." *Beard*, 517 F. Supp. at 132 (citation omitted)).

Plaintiff claims that the public disclosure of her private information occurred after she filed a grievance with employer over her termination. The grievance procedure initiated by plaintiff is an process to which plaintiff is bound because it is part of the collective bargaining agreement. [*See* Doc. 13-2.] Defendant argues that, based upon the grievance procedure articulated in the collective bargaining agreement, plaintiff had no expectation of

5

privacy pertaining to her drug test, the results, and the explanation she provided for her positive test because the articulated grievance process requires disclosure.[1] The Court must look to the terms of the collective bargaining agreement in order to determine if plaintiff had a right to privacy. Therefore, resolution of plaintiff's claim for invasion of privacy requires an interpretation of the collective bargaining agreement. Accordingly, plaintiff's claim for invasion of privacy is inextricably intertwined with the collective bargaining agreement and subject to federal jurisdiction.

### 2. Negligence

Plaintiff claims that defendant's actions in publishing plaintiff's medical information constitute a violation of Tennessee Code Annotated §§ 50-9-101, *et. seq.*, specifically § 50-9-109. Plaintiff asserts that a violation of this statute is negligence per se. Sections 50-9-101, *et. seq.*, address an employer's right to implement a drug free workplace program. Section 50-9-109 states that all information related to drug or alcohol test results shall be kept confidential. However, § 50-9-102 provides that this confidentiality requirement "is subject to the provisions of any applicable collective bargaining agreement."

---

[1] The Court notes that all of plaintiff's factual allegations may not involve disclosure related to the grievance process in the collective bargaining agreement (i.e., alleged disclosure at the "hands on" meetings and jokes and other comments about plaintiff's personal information separate from the grievance process). The Court notes that determination of whether all of plaintiff's factual allegations are inextricably intertwined with the collective bargaining agreement is unnecessary. Because those factual allegations "are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy," at the very least, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). This is true not only for plaintiff's claim of invasion of privacy but plaintiff's claims of negligence per se and intentional infliction of emotional distress as well.

Defendant alleges that the collective bargaining agreement mandates certain disclosure, both during the drug testing itself and if an employee files a grievance related to a drug test. Because the confidentiality requirement articulated in § 50-9-109 can be modified by a collective bargaining agreement, determination of plaintiff's claim that defendant violated §§ 50-9-101, *et. seq.*, specifically § 50-9-109, requires interpretation of the terms of the collective bargaining agreement. Thus, there is original federal jurisdiction over this claim.

### 3. Intentional Infliction of Emotional Distress

Plaintiff claims that defendant's actions in publishing plaintiff's medical information and one of its agents joking about the information contained in plaintiff's medical records were "outrageous and utterly intolerable in a civilized society, and were done either with the specific intent to cause emotional distress to the Plaintiff or were done with a reckless disregard of the probability of causing emotional distress to the Plaintiff." [Doc. 1-2.] To make out a prima facie case for intentional infliction of emotional distress, a plaintiff must show that defendant's conduct was (1) intentional and reckless; (2) so outrageous that it is not tolerated by civilized society; and (3) resulted in serious mental injury. *Leach v. Taylor*, 124 S.W.3d 87, 92 (Tenn. 2004). The second element is "found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Blair v. Allied Maint. Corp.*, 756 S.W.2d 267, 273 (Tenn. Ct. App. 1988) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)).

7

A supervisor who is merely insisting on enforcing the rules articulated in a collective bargaining agreement is not acting outrageously. *Mattis*, 355 F.3d at 908 (quoting *DeCoe*, 32 F.3d at 219)). Because defendant has alleged that the collective bargaining agreement requires certain disclosures as part of the grievance process, resolving this claim requires interpretation of the collective bargaining agreement. Thus, this claim is inextricably intertwined with the collective bargaining agreement and, therefore, subject to original federal jurisdiction.

### B. Diversity Jurisdiction

Because the Court has found that federal jurisdiction is proper based upon a federal question, the Court need not consider whether there is also diversity jurisdiction.

## III. Conclusion

For the foregoing reasons, defendant has met its burden of demonstrating that the federal jurisdictional requirements have been met. Accordingly, plaintiff's Motion to Remand [Doc. 9] will be **DENIED**.

IT IS SO ORDERED.

                                                    s/ Thomas A. Varlan
                                                    UNITED STATES DISTRICT JUDGE